**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2016[*]
Decided August 18, 2016

**Before**

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-1936

| | |
|---|---|
| LAZERRICK COFFEE,<br>        *Plaintiff-Appellant*, | Appeal from the United States District<br>Court for the Central District of Illinois. |
| *v.* | No. 12-C-1416 |
| EDWARD D. LEWIS, *et al.*,<br>        *Defendants-Appellees*. | James E. Shadid,<br>*Chief Judge*. |

**O R D E R**

Lazerrick Coffee, an Illinois inmate, sued several correctional officers under 42 U.S.C. § 1983, claiming that they violated the Eighth Amendment during a cell extraction. The district court granted summary judgment to one defendant and after Coffee presented his case-in-chief to a jury, granted judgment as a matter of law to the remaining defendants. *See* FED. R. CIV. P. 50(a).

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Coffee appeals only the grant of judgment as a matter of law. But to properly assess this argument, we would need to review the evidence Coffee presented at trial. *See* FED. R. CIV. P. 50(a)(1) (explaining that the district court may grant judgment as a matter of law if the evidence presented at trial does not provide "legally sufficient evidentiary basis to find for the party"). Coffee, however, failed to submit the trial transcript to this court. *See* FED. R. APP. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."). He did request the transcript from the district court, but the court denied that request, and Coffee did not renew his request in this court or obtain the transcript using other means. Moreover, the appellees' response brief warned Coffee of the potential consequences of failing to provide a transcript. Thus, we decline to exercise our authority to order Coffee to supplement the record on appeal. *See* FED. R. APP. P. 10(e)(2)(C); *Morisch v. United States*, 653 F.3d 522, 530 (7th Cir. 2011); *Learning Curve Toys, Inc. v. PlayWood Toys, Inc.*, 342 F.3d 714, 731 n.10 (7th Cir. 2003).

Because the absence of a transcript precludes our review, Coffee's appeal is DISMISSED.